IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2002 Session

## STATE OF TENNESSEE, DEPARTMENT OF HUMAN SERVICES, EX REL., TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES v. DEBRA WILSON, ET AL.

**Direct Appeal from the Juvenile Court for Warren County**
**Nos. 1827 & 1828     Larry Ross, Judge**

—————————

**No. M2002-00233-COA-R3-JV - Filed March 27, 2003**

—————————

This case involves the State's request that the parents of a minor child taken into the State's custody pay child support retroactive to the date the child was taken into custody. The State did not request such support until almost two years after the child was taken into custody. The trial court refused to grant the State support beyond the date of the filing of the petition requesting support. We affirm, as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed as modified; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., joined and PATRICIA J. COTTRELL, J., dissents.

Paul G. Summers, Attorney General & Reporter, and Stuart F. Wilson-Patton, Senior Counsel, for the appellant, State of Tennessee Department of Human Services ex rel., Tennessee Department of Children's Services.

Debra Wilson, *Pro se*.

Woodrow Wilson, *Pro se.*

### OPINION

The Wilsons voluntarily placed their minor child in the physical custody of the Tennessee Department of Children's Services (DCS) on September 10, 1999. On June 12, 2001, DCS filed petitions to set support for a child in State custody against the Wilsons in the Warren County

Juvenile Court.[1]  The State sought a child support arrearage judgment against Mr. Wilson in the amount of $14,230 and against Mrs. Wilson for $4,728.  These amounts reflected the amount of child support due from the date the child was placed in the State's custody to the date of the hearing, in accordance with the Tennessee Child Support Guidelines.

The trial court inquired as to whether it had discretion to decline to set support back to the date of the change in custody.  Not surprisingly, counsel for the parties disagreed on the answer to this query.  The trial court subsequently ruled that, because of the delay in filing the petition to set support, back support would only be set from the date of the filing of the petition forward.

The State, not being satisfied with this result, subsequently filed motions to alter or amend the judgments to reflect retroactive child support to the date the child was taken into State custody. A hearing was held at which the State contended that an award of retroactive support was proper, citing Tenn. Code Ann. § 37-1-151 as authority.  Both parties agreed that the child was voluntarily placed into DCS's custody.  The trial court denied the State's motion, stating that it considered such matters on a case-by-case basis and that, due to the delay from the change in custody until the filing of the petitions to set support, an award of retroactive support was not warranted.  This appeal followed.

### *Standard of Review*

Resolution of this issue involves statutory interpretation.  It is well settled that statutory interpretation is a question of law.  ***Winter v. Smith***, 914 S.W.2d 527, 538 (Tenn. Ct. App. 1995)(citations omitted).  We review questions of law de novo with no presumption of correctness afforded the lower court's judgment.  ***Nelson v. Wal-Mart Stores, Inc.***, 8 S.W.3d 625, 629 (Tenn. 1999).

### *Issue*

The State presents the issue as follows:

> Whether the trial court erred by refusing to award retroactive child support back to the date that the child first went into the physical custody of the Tennessee Department of Children's Services.

---

[1]When questioned by the trial court as to why the State had taken so long to request child support from the Wilsons, the State's counsel responded with the following: "I wish I knew, your Honor. I don't know.  It appears that there is, or has been, some sort of administrative glitch in the past in getting us notified when a child goes into State custody."  We note that the State's counsel on appeal differs from counsel at the trial level.

## The Parties' Arguments

The Wilsons maintain in their brief that they were not informed that they were required to pay child support prior to the filing of the petitions. They further maintain that they questioned the DCS case workers about their responsibility for such support and were told by the workers that they did not think they had such an obligation.

The State maintains that the trial court was "required . . . to award back support from September 10, 1999, the date the child first came into the physical custody of the Tennessee Department of Children's Services, rather than from June 12, 2001, the date of filing the petitions to set support." As support for this contention, the State cites the following provisions of Tenn. Code Ann. § 37-1-151:

> (b) (1) Notwithstanding the provisions of subsection (a), ***placement of a child in the custody of an agency of the state shall make the parents of that child liable for support from the effective date of the court's order***. The court's placement of the child's custody with the state shall be deemed as an automatic application by the state, as custodian of the child, for child support services from the department of human services Title IV-D child support program.
>
> (2) In all cases in which the court places physical custody of any child with an agency of the state, and if no prior orders for the support of the child by each parent exist, ***the court shall immediately order child support or shall set a hearing, which hearing shall be held within forty-five (45) days of the date the child's custody is placed with the state, for the purpose of establishing child support and the provision of medical care, to be paid by each parent to the state for the child placed in the state's custody by the court***. Such hearing may be set on the court's next regular child support docket within the forty-five-day period in accordance with the provisions of subdivision (b)(3).
>
> (3) (A) The parents and the Title IV-D office which is enforcing child support under Title IV-D of the Social Security Act for the county from which the child is placed shall receive at least ten (10) calendar days' notice of the child support hearing date unless child support was ordered at the custody hearing.
>
> (B) The notice to the parents shall be in writing and may be given at the time of the hearing at which the child is placed in the custody of the state, and shall include a subpoena to each parent to bring to court any documents showing evidence of income, including, but not limited to, pay stubs, W-2 forms, or income tax returns. If not given to the parents at the hearing at which custody is placed with the state, the notice and subpoena shall be sent by mail to the parents or served upon them personally within five (5) working days of the date of the custody hearing, unless child support is ordered at the custody hearing.
>
> (C) Unless child support is ordered at the custody hearing, within five (5) working days of the date of the custody hearing at which the child is placed in the custody of the state, the clerk shall by mail, personal delivery, or by electronic means

if the clerk participates in the statewide child support enforcement computer system pursuant to title 36, notify the office which is enforcing child support under Title IV-D of the Social Security Act for the county from which the child is placed of the date of the child support hearing, the names, addresses, and social security numbers of the parents and child. If support was ordered at the time of the custody hearing, the clerk shall notify the Title IV-D Office of the amount of support which was ordered.

(4) (A) *At any hearing at which support is ordered, the court shall set child support as the evidence demonstrates is appropriate and in accordance with the child support guidelines established pursuant to § 36-5-101(e)*, and the court shall order the parents to pay the premium for health insurance for the child if the insurance is available at a reasonable cost, or the court shall order the parents to pay a reasonable portion of the child's medical costs. *The order for support and for medical care shall be retroactive to the date that custody of the child was placed with the state by any order of the court*.

Tenn. Code Ann. § 37-1-151 b(1)-(4)(A) (Supp. 2002) (emphasis added).

We cannot agree with the State's assertion that these statutory provisions mandate an award of retroactive child support relating back to the time the child was initially placed in the care and custody of the State where, as here, there has not been a hearing to set support within forty-five (45) days of the child being placed into the custody of the State, in accordance with Tenn. Code Ann. § 37-1-151(b)(2).

The statute provides that "[t]he order for support . . . shall be retroactive to the date that custody of the child was placed with the state by any order of the court." Tenn. Code Ann. § 37-1-151(b)(4)(A) (2001). The statute also provides, however, that "the court shall immediately order child support or shall set a hearing, which hearing shall be held within forty-five (45) days of the date the child's custody is placed with the state, for the purpose of establishing child support. . . ." *Id.* § 37-1-151 (b)(2). This was not done in this case. "In interpreting statutes, we are required to construe them as a whole, read them in conjunction with their surrounding parts, and view them consistently with the legislative purpose." *State v. Turner*, 913 S.W.2d 158, 160 (Tenn. 1995). We believe that section 37-1-151 (b)(2) of the statute, when read in conjunction with section 37-1-151(b)(4)(A), circumscribes the extent to which a parent may be held responsible for retroactive support. Reading these two statutory provisions in concert it is clear that, if the strictures of section 37-1-151 (b)(2) are followed, the maximum amount of retroactive child support for which the parents of a child taken into custody of the state could be responsible for is forty-five (45) days.

"[T]he polestar of statutory interpretation has always been the intent of the legislature." *Heirs of Ellis v. Estate of Ellis*, 71 S.W.3d 705, 712 (Tenn. 2002). With this guiding principle in mind, and considering the legislative mandate that a hearing to set support *shall* be held within forty-five (45) days of the date that a child is placed in the custody of the State, we do not believe that it was the intent of that same legislature that a retroactive award of support would exceed this forty-five (45) day time frame. We hold, therefore, that where the statutory provisions of section 37-1-151

(b)(2) are not followed, and an order of support is not obtained within forty-five (45) days of the date that a child is ordered into State custody, that any award of retroactive child support is statutorily limited to forty-five (45) days.

The majority is cognizant of Tenn. Code Ann. § 34-1-102, cited by the dissent, which requires parents to support their minor children, as well as the statute imposing a like requirement upon parties to a divorce or an action to establish paternity. However, these statutes must be construed *in pari materia* with Tenn. Code Ann. § 37-1-151. We note that none of these statutes contain a provision, limiting the time in which the action must be brought, similar to that contained in § 37-1-151.[2]

The parents were presumably supporting their child until, pursuant to court order, custody was changed form the parents to the State. Because the dictates of § 37-1-151 were not followed, the court did not "immediately order child support" nor "set a hearing, which hearing shall be held within forty-five (45) days of the date the child's custody is placed with the state, for the purposes of establishing child support. . . ." Tenn. Code Ann. § 37-1-151(b)(2) (Supp. 2002). We believe that a reasonable interpretation of this statute is to prevent a situation such as exists in the present case. Application of the statute limits an assessment of retroactive child support to 45 days.[3] Adherence to the statute prevents a situation such as has occurred in the present case where, almost two years after custody is placed with the State, the State seeks to recover several thousand dollars from the parents.[4] The parents in this case were given no guidance by the court as to the amount of their support obligation or to whom it was to be paid. The majority believes it would be manifestly unjust to grant the relief sought by the State where there has been a failure to comply with Tenn. Code Ann. § 37-1-151(b)(2) (Supp. 2002).

Accordingly, it is the majority's belief that the legislature intended to prevent the unjust result of a child being placed in the custody of the State, no hearing being held within forty-five (45) days to establish support, and months, or years, passing before the State petitions the court to set support retroactive to the date the child was placed into custody.

---

[2] The right to retroactive support is limited, however. Tenn. Code Ann. § 36-2-306 provides that "[a]n action to establish the parentage of a child may be instituted . . . until three (3) years beyond the child's age of majority." Tenn. Code Ann. § 36-2-306(a) (2001). Accordingly, the Tennessee Supreme Court has held that "[r]etroactive child support is available whether the child is a minor or whether the child has reached the age of majority and brings the claim within time permitted by the statute." *Berryhill v. Rhodes*, 21 S.W.3d 188, 192 (Tenn. 2000). Accordingly, if an individual waits until after the child's twenty-first birthday to request such support, the obligor will not be legally obligated to pay such support, notwithstanding the fact that parents are obligated to support their children during the child's minority. *See* Tenn. Code Ann. § 34-1-102 (2001).

[3] The majority can conceive of no other reason for the inclusion of this 45 day provision. Adopting the dissent's position that retroactive support can be ordered in excess of this limit makes the 45 day time limit in which the parents' child support obligation must be established, meaningless.

[4] The January 28, 2000, order of the juvenile court stated that the court found the parents to be indigent. In their brief, as well as at oral argument, the parents take issue with having been so labeled.

*Conclusion*

Based on the foregoing, we affirm the decision of the trial court denying the State retroactive child support to the date the child was placed in the custody of the State, but modify the award to include support, not only from the date of the filing of the petition, but to include an additional 45 days of support, retroactive from the date the petition was filed by the State.

_____
DAVID R. FARMER, JUDGE