IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 14, 2015 Session

# ESTATE OF MARCIA HULL v.
# ESTATE OF GEORGE A. CULVER, ET. AL.

**Appeal from the Chancery Court for Monroe County**
**No. 17764     Hon. Jerri Bryant, Chancellor**

_____

**No. E2014-01213-COA-R3-CV-FILED-FEBRUARY 19, 2015**

_____

This is a declaratory judgment action in which Plaintiff appeals the trial court's grant of summary judgment regarding the transfer of Marcia Hull's monetary assets and jointly-held property to the Culver Estate. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Clifford E. Wilson, Madisonville, Tennessee, for the appellant, Beverly Hull, personal representative for the Estate of Marcia Hull.

J. Lewis Kinnard, Madisonville, Tennessee, for the appellee, Thomas Keith Phillips, personal representative for the Estate of George Culver.

Doris M. Matthews, Madisonville, Tennessee, for the appellee, People's Bank of East Tennessee.

**OPINION**

**I. BACKGROUND**

On September 21, 2011, George Culver ("Husband") and Marcia Hull ("Wife") were gravely injured in a fire at their residence. The couple had no children. Wife's extended family ceased lifesaving efforts on September 25, 2011. At that time, Husband showed some

signs of recovery; however, Husband's extended family eventually terminated life support on September 27, 2011.

At the time of her death, Wife possessed two payable-on-death bank accounts, totaling $70,788.78, with People's Bank of East Tennessee ("People's Bank"). Pursuant to Wife's contracts with People's Bank, the accounts passed to Husband upon her death. The couple owned two pieces of real property that also automatically passed to Husband upon Wife's death. Likewise, the fire insurance proceeds for the property in the amount of $59,452.39 automatically passed to Husband upon Wife's death.

Citing Tennessee Code Annotated section 31-3-120(a), Beverly Hull ("Plaintiff"), as personal representative for Wife's estate, filed suit against the Culver Estate and People's Bank. Section 31-3-120(a) provides as follows:

> An individual who fails to survive the decedent by one hundred twenty (120) hours is deemed to have predeceased the decedent for purposes of the homestead allowance, year's support allowance, exempt property, elective share and intestate succession, and the decedent's heirs are determined accordingly.

Plaintiff sought a declaratory judgment providing that the Hull Estate was entitled to Wife's monetary assets and one-half of the jointly-held property and the fire insurance proceeds because Husband had not survived Wife by 120 hours. Plaintiff alleged that the couple died as a result of a common disaster and that Husband's relatives allowed Husband to live longer in order to stake claim to the property at issue.

Thomas Keith Phillips ("Defendant"), as personal representative for the Culver estate, responded by denying wrongdoing and filing a motion for summary judgment, claiming that Tennessee Code Annotated section 31-3-120(a) was inapplicable. Defendant alleged that title to the real estate covered by the insurance policy properly passed to Husband upon Wife's death. Defendant also asserted that People's Bank properly remitted the funds in accordance with Wife's contracts and in compliance with the law. Likewise, People's Bank denied wrongdoing and filed a cross-complaint against Defendant, asserting that Defendant was responsible for refunding any amount deemed appropriate by the trial court.

The trial court granted the motion for summary judgment. The court found that the contracts between Wife and People's Bank controlled the disposition of the monetary assets. The court also found that Tennessee Code Annotated section 31-3-120(a) did not apply to the real property held by the entirety and that the fire insurance proceeds properly passed to Husband pursuant to section 31-3-106. This timely appeal followed.

## II.  ISSUE

We consolidate and restate the issue raised on appeal by Plaintiff as follows:

Whether the trial court erred in granting the motion for summary judgment.

## III.  STANDARD OF REVIEW

This action was initiated in September 2012; therefore, the dispositive summary judgment motion is governed by Tennessee Code Annotated section 20-6-101, which provides,

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.

A trial court's decision to grant a motion for summary judgment presents a question of law, which we review de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 417 (Tenn. 1997).  We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999).  If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

This action also presents a matter of statutory interpretation, which is reviewable as a matter of law pursuant to the de novo standard without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009) (citing *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920,

924 (Tenn. 1998)). The primary objective of statutory interpretation is to carry out the legislative intent without broadening or restricting a statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In Re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). We also presume that the General Assembly was aware of the state of the law when the statutes were enacted and that it did not intend to enact a useless statute. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010).

## IV. DISCUSSION

Plaintiff first asserts that the court should have fashioned an equitable solution regarding the transfer of Wife's assets because Husband's heirs artificially prolonged his life in order to stake claim to the property at issue. Plaintiff suggests that this case presents the ideal factual scenario to adopt the tort of intentional interference with an inheritance or gift. The record reflects that following Wife's passing, Husband showed some sign of recovery before the family eventually decided to terminate life support. Additionally, Plaintiff never pled the tort of intentional interference with an inheritance or gift. A party may not offer a new issue for the first time on appeal. *See Lane v. Becker*, 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) (citing *Campbell Cnty. Bd. of Educ. v. Brownlee-Kesterson, Inc.*, 677 S.W.2d 457, 466-67 (Tenn. Ct. App. 1984)). "The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver." *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citations omitted). If Plaintiff had raised the issue, the trial court could have addressed the claim and provided a record for this court's review.

Relative to the jointly-held property, Plaintiff claims that the legislature did not anticipate the ability of science to prolong life when crafting the statutes at issue in this case. Plaintiff asserts that without the availability of extensive medical treatment, the couple would have died simultaneously, thereby mandating the equal division of the jointly-held property pursuant to Tennessee Code Annotated section 31-3-104, which provides,

> Where there is no sufficient evidence that two (2) joint tenants or tenants by the entirety have died otherwise than simultaneously, the property so held shall be distributed one-half (1/2) as if one had survived and one-half (1/2) as if the other had survived. If there are more than two (2) joint tenants and all of them have so died, the property thus distributed shall be in the proportion that one bears to the whole number of joint tenants.

-4-

The record reflects that there was sufficient evidence to establish that Husband survived Wife by several days and that he even showed signs of improvement following Wife's passing. Section 31-3-104 is inapplicable to the transfer of Wife's interest in the jointly-held property to the Culver Estate. *See Heirs of Ellis v. Estate of Ellis*, 71 S.W.3d 705, 714 (Tenn. 2002) (finding section 31-3-104 inapplicable when the record clearly established that the couple did not die at the same time). Additionally, section 31-3-120(a) is also inapplicable because it "does not alter the common law operation of estates by the entirety" even when the spouse does not survive the other by 120 hours. *Id.* at 709-10.

Relative to the payable-on-death bank accounts, Plaintiff argues that the court should have considered Tennessee Code Annotated section 31-3-120(a) before determining that the contract controlled the transfer of Wife's monetary assets. Plaintiff notes that the contract was silent on the issue of simultaneous death and that Husband died before the money was actually transferred. The bank accounts were transferred to Husband pursuant to Tennessee Code Annotated section 45-2-704(b), which provides, in pertinent part,

> (b)(1) Any person, or persons jointly as tenants with right of survivorship, owning a deposit account may enter into a written contract with any bank whereby the balance of the deposit account may be made payable on the death of the last surviving owner to another person or persons, notwithstanding any provisions of law to the contrary.
>
> * * *
>
> (4) The interest of a death payee shall be deemed not to vest until the death of the owner, or, in the case of joint owners until the death of the last surviving owner, and the interest shall be subject to any lien, assignment, pledge, right of offset or other claim that the bank could have asserted against the owner.
>
> (5) The following terms shall apply to the account, unless the contract provides otherwise:
>
>> (A) The interest of a death payee in the account vests only if the payee survives the last surviving owner;
>>
>> (B) Multiple death payees surviving the last surviving owner shall be entitled to equal shares of the account; and
>>
>> (C) If no death payees survives, the account shall remain in the estate of the last surviving owner.

Husband survived Wife, at which time his interest in the account vested, thereby entitling him to the accounts at issue pursuant to Tennessee Code Annotated section 45-2-704(b).

Absent section 45-2-704(b), Wife entered into a contract with People's Bank in which she designated Husband as her beneficiary on the account in the event of her death. This court must attempt to ascertain and give effect to the intent of the parties. *Christenberry v. Tipton*, 160 S.W.3d 487, 494 (Tenn. 2005). In attempting to ascertain the intent of the parties, the court must examine the language of the contract, giving each word its usual, natural, and ordinary meaning. *See Wilson v. Moore*, 929 S.W.2d 367, 373 (Tenn. Ct. App. 1996). The court's initial task in construing the contract is to determine whether the language is ambiguous. *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 889-90 (Tenn. 2002). In this case, the language of the contract was plain and unambiguous in designating Husband as the beneficiary in the event of Wife's death.

With all of the above considerations in mind, we conclude that the trial court did not err in granting the motion for summary judgment when the undisputed facts support only one conclusion, namely that Husband survived Wife and was entitled to the payable-on-death accounts, the jointly-held property, and the corresponding fire insurance proceeds.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Beverly Hull, personal representative for the Estate of Marcia Hull.

_____
JOHN W. McCLARTY, JUDGE

-6-