IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2018

**IN RE ESTATE OF MICHAEL DENVER SHELL**

**Appeal from the Chancery Court for Anderson County**
**No. 17PB82      M. Nichole Cantrell, Chancellor**

_____

**No. E2017-02146-COA-R3-CV**

_____

In this probate action, the intestate decedent owned real property at the time of his death that was titled solely in his name. The decedent's spouse subsequently died within 120 hours of the decedent's death. The trial court ruled that, pursuant to Tennessee Code Annotated § 31-3-120 (2015), the spouse's heirs possessed no claim to or interest in the real property at issue. The spouse's heirs have appealed. Discerning no reversible error, we affirm the trial court's ruling. We decline to award attorney's fees to the decedent's estate as damages, determining that this appeal is not frivolous.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Walt Burnett, Knoxville, Tennessee, Pro Se.

Kipp Burnett, Knoxville, Tennessee, Pro Se.

Ann Mostoller, Oak Ridge, Tennessee, for the appellee, Estate of Michael Denver Shell.

**OPINION**

I. Factual and Procedural Background

This matter originated with the filing of a petition on April 7, 2017, in the Anderson County Chancery Court, Probate Division ("trial court"), seeking probate of an intestate estate. The petition alleged that Michael Denver Shell ("Decedent") had died

intestate on February 7, 2017. The petition further alleged that Decedent's widow, Noreene Burnett Shell, had subsequently passed away within 120 hours of Decedent's death, such that his only surviving heirs were his brother, Richard W. Shell, and his sister, E. Lander Medlin.[1] Ms. Medlin filed the petition for probate, seeking appointment as personal representative of Decedent's estate ("the Estate"). Ms. Medlin stated in her petition that Decedent owned both real and personal property at the time of his death. The trial court entered an order for probate of the Estate on April 7, 2017.

On May 26, 2017, Ms. Medlin filed a petition on behalf of the Estate, requesting the trial court's permission to sell certain tracts of real property that had belonged to Decedent at the time of his death. Ms. Medlin stated that Ms. Shell's brothers, Walt and Kipp Burnett ("the Burnetts"), were claiming ownership of the property and had "taken steps to secure the property." Ms. Medlin asserted that pursuant to Tennessee Code Annotated § 31-3-120, Ms. Shell's heirs had no claim to the property owned solely by Decedent at the time of his death. The Burnetts were named as respondents in the petition. Ms. Medlin subsequently filed an amended petition on June 23, 2017, seeking personal service upon the Burnetts.

The Burnetts filed a response to the amended petition, admitting that Ms. Shell had died within 120 hours of Decedent's death. The Burnetts, however, relied on our Supreme Court's ruling in *Heirs of Ellis v. Estate of Ellis*, 71 S.W.3d 705, 712 (Tenn. 2002), in support of their assertion that because Ms. Shell had survived Decedent, his property should pass to her heirs via intestate succession.[2]

On September 25, 2017, the trial court conducted a hearing regarding the Estate's petition. The court subsequently entered a written order on October 4, 2017, finding that the real property had been titled solely in Decedent's name at the time of his death and that Ms. Shell had not survived Decedent by more than 120 hours. The court thus determined that Ms. Shell's estate had no claim to or interest in the real property, pursuant to Tennessee Code Annotated § 31-3-120. The court further ruled that the property could be sold by Ms. Medlin free from any claim by the Burnetts. The Burnetts, proceeding self-represented, timely appealed.

---

[1] Decedent and Ms. Shell apparently had no children.

[2] The Burnetts were represented by counsel during the trial court proceedings.

## II. Issues Presented

The Burnetts present one issue for our review, which we have restated slightly:

1.  Whether the trial court erred in determining that Ms. Shell's estate had no interest in the real property at issue.

The Estate presents the following additional issue:

2.  Whether this appeal is frivolous such that the Estate should be awarded its attorney's fees incurred on appeal.

## III. Standard of Review

The facts in this matter are undisputed. The issues presented on appeal involve the proper interpretation of certain state statutes, which are purely questions of law that this Court reviews *de novo* with no presumption of correctness. *See Pickard v. Tenn. Water Quality Control Bd.*, 424 S.W.3d 511, 518 (Tenn. 2013).

Regarding *pro se* litigants, this Court has explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist,

3

they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted).

## IV. Applicability of Tennessee Code Annotated § 31-3-120

The undisputed proof demonstrated that Decedent died intestate on February 7, 2017. The Burnetts acknowledge that Ms. Shell, Decedent's spouse, passed away less than 120 hours following Decedent's death. The proof also demonstrated that the real property at issue was titled solely to Decedent at the time of his death. The trial court thus determined that Ms. Shell's estate had no claim to or interest in the real property based on Tennessee Code Annotated § 31-3-120(a).

Tennessee Code Annotated § 31-3-120, which is part of Tennessee's Uniform Simultaneous Death Act, provides:

(a) An individual who fails to survive the decedent by one hundred twenty (120) hours is deemed to have predeceased the decedent for purposes of the homestead allowance, year's support allowance, exempt property, elective share and intestate succession, and the decedent's heirs are determined accordingly.

(b) A devisee who fails to survive the testator by one hundred twenty (120) hours is deemed to have predeceased the testator, unless the will of the decedent contains language dealing explicitly with simultaneous deaths or deaths in a common disaster or requiring that the devisee survive by a stated period of time in order to take under the will.

(c) If it is not established by clear and convincing evidence that an individual who would otherwise be an heir or devisee survived the decedent by one hundred twenty (120) hours, it is deemed that such individual failed to survive for the required period. This section is not to be applied if its application would result in property of any nature escheating to the state.

Pursuant to a plain reading of Tennessee Code Annotated § 31-3-120(a), Ms. Shell would be deemed to have predeceased Decedent because she failed to survive him by 120 hours. As such, the trial court properly determined that her estate had no interest in the real property that was titled to Decedent at the time of his death.

4

The Burnetts rely upon our Supreme Court's opinion in *Heirs of Ellis v. Estate of Ellis*, 71 S.W.3d 705, 712 (Tenn. 2002), in support of their argument that because Ms. Shell did survive Decedent, even though her death occurred within 120 hours of his, his property should pass to her heirs. In *Heirs of Ellis*, when the wife passed away three days after her husband, her heirs subsequently sought to probate her will. *Id*. at 708. The husband's heirs filed a motion to intervene, claiming that Tennessee Code Annotated § 31-3-104 of Tennessee's Uniform Simultaneous Death Act entitled them to a one-half share of the decedents' property held as tenants by the entirety.[3] *Id*. The husband's heirs argued that because the wife did not survive the husband by 120 hours, pursuant to Tennessee Code Annotated § 31-3-120, the spouses would be deemed to have died simultaneously for property distribution purposes. *Id*. at 709. The trial court rejected the argument advanced by the husband's heirs and denied the motion to intervene; this Court affirmed that ruling. *Id*.

Our Supreme Court in *Heirs of Ellis* also affirmed the trial court's denial of the motion to intervene filed by the husband's heirs. *Id*. at 715. The High Court explained that with regard to property held as tenants by the entirety, such property automatically and immediately passed to the wife upon the death of the husband and was unaffected by the terms of Tennessee Code Annotated § 31-3-120 because the statute did not specifically address entireties property. *Id*. at 711 ("Subsection (a) [of Tennessee Code Annotated § 31-3-120] does not include entireties property within its list of affected interests, and subsection (b) does not include entireties property because it only affects 'devisees.'"). The Court further explained that Tennessee Code Annotated § 31-3-104 was inapplicable because the spouses did not die simultaneously. *Id*. at 714. The Court declined to interpret the provision in Tennessee Code Annotated § 31-3-104 regarding simultaneous death to mean "within 120 hours" as specified in § 31-3-120. *Id*. ("[T]he term 'simultaneously' should continue to receive its ordinary construction, meaning 'at the same time.'").

We determine *Heirs of Ellis* to be distinguishable and unavailing with regard to the case at bar. In this matter, the undisputed proof demonstrated that the real properties at issue were titled solely to Decedent and were not held as tenants by the entirety or even as tenants in common, as opposed to the circumstances in *Heirs of Ellis*. *Id*. at 711. In addition, we note that Decedent and Ms. Shell did not die simultaneously in time. Therefore, by its plain terms, Tennessee Code Annotated § 31-3-104 has no application

---

[3] Tennessee Code Annotated § 31-3-104 (2015) provides:

> Where there is no sufficient evidence that two (2) joint tenants or tenants by the entirety have died otherwise than simultaneously, the property so held shall be distributed one-half (½) as if one had survived and one-half (½) as if the other had survived. If there are more than two (2) joint tenants and all of them have so died, the property thus distributed shall be in the proportion that one bears to the whole number of joint tenants.

herein. *See Estate of Hull v. Estate of Culver*, No. E2014-01213-COA-R3-CV, 2015 WL 720851, at *3 (Tenn. Ct. App. Feb. 19, 2015) (citing *Heirs of Ellis* in determining that § 31-3-104 was "inapplicable when the record clearly established that the couple did not die at the same time.").

Furthermore, because the properties were not held as tenants by the entirety and because Decedent left no will devising the real properties to Ms. Shell, the only manner by which Ms. Shell would have inherited an interest in the properties would be by virtue of "homestead allowance, year's support allowance, exempt property, elective share[, or] intestate succession," which clearly brings this matter within the parameters of Tennessee Code Annotated § 31-3-120(a). As such, the trial court properly determined that because Ms. Shell had failed to survive Decedent by 120 hours, her estate possessed no interest in the real properties at issue.

## V. Attorney's Fees on Appeal

The Estate has requested an award of attorney's fees incurred in defending this appeal, which the Estate characterizes as frivolous. As this Court has previously explained regarding frivolous appeals:

> Parties should not be forced to bear the cost and vexation of baseless appeals. Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision.
>
> A frivolous appeal is one that is devoid of merit, or one that has no reasonable chance of succeeding.

*Young*, 130 S.W.3d at 66-67. Similarly, Tennessee Code Annotated § 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Exercising our discretion, we do not determine that this appeal was frivolous or taken solely for delay. We therefore decline to award attorney's fees to the Estate as damages in this matter.

## VI. Conclusion

For the aforementioned reasons, we affirm the trial court's judgment in favor of the Estate. We decline to award attorney's fees to the Estate as damages for the filing of a frivolous appeal. This case is remanded to the trial court for enforcement of the trial court's judgment and collection of costs assessed below. Costs on appeal are assessed to the appellants, Walt Burnett and Kipp Burnett.

_____
THOMAS R. FRIERSON, II, JUDGE