STATE of Tennessee, Appellant,

v.

Jerry Wayne THOMAS, Appellee.

Supreme Court of Tennessee,
at Nashville.

April 22, 1991.

Debra K. Inglis, Asst. Atty. Gen.,
Charles W. Burson, Atty. Gen. & Reporter,
Nashville, for plaintiff-appellant.

Jeffrey A. DeVasher, Rebecca Freeman,
John Herbison, Paul Morrow, Jr., for de-
fendant-appellee.

## OPINION

REID, Chief Justice.

■ Application for permission to appeal
was granted in this case to review the
State's contention that the Court of Crimi-
nal Appeals erred in holding that Rule
5.04(e) of the Local Rules of Practice for
Davidson County Courts, regarding post-
trial communications with jurors, is unen-
forceable.

The issue under consideration arose after
the jury in the present case was dis-
charged. At that time defense counsel
filed a motion seeking permission pursuant
to Rule 5.04(e) to interview the former ju-
rors. The local rule provides:

Once the jurors' service is completed
all interviews of jurors by counsel, liti-
gants, or their agents, are prohibited ex-
cept with the permission of the trial
court, and then only in such situations as
are deemed appropriate.

The trial court denied the motion. On ap-
peal the Court of Criminal Appeals deter-
mined that the local rule violates Supreme
Court Rule 8, EC 7–29, which states:

To safeguard the impartiality that is
essential to the judicial process, venire-
men and jurors should be protected
against extraneous influences. When
impartiality is present, public confidence
in the judicial system is enhanced. There
should be no extrajudicial communication
with veniremen prior to trial or with ju-
rors during trial by or on behalf of a
lawyer connected with the case. Fur-
thermore, a lawyer who is not connected
with the case should not communicate
with or cause another to communicate
with a venireman or a juror about the
case. After the trial, communication by
a lawyer with jurors is permitted so long
as he refrains from asking questions or
making comments that tend to harass or
embarrass the juror or to influence ac-
tions of the juror in future cases. Were
a lawyer to be prohibited from communi-
cating after trial with a juror, he could

not ascertain if the verdict might be subject to legal challenge, in which event the invalidity of a verdict might go undetected. When an extra-judicial communication by a lawyer with a juror is permitted by law, it should be made considerately and with deference to the personal feelings of the juror.

*See also* DR 7–108(D).

Contending that the decision of the Court of Criminal Appeals is based upon erroneous interpretations of the local rule and the Rule of this Court, the State insists the local rule restricts only the conduct of lawyers and parties in the case and does not prohibit juror initiated contacts. The State further insists that, even though Rule 8 approves communications with former jurors by lawyers and litigants, the Rule does not prohibit a requirement that lawyers and litigants have the trial court's permission before engaging in such communications. The State then argues that the better-reasoned state and federal decisions support the local rule, which, consequently, should be approved by this Court. *See, e.g., United States v. Kepreos*, 759 F.2d 961, 967–968 (1st Cir.1985); *Wilkerson v. Johnson*, 699 F.2d 325, 330 (6th Cir.1983); *United States v. Brasco*, 516 F.2d 816, 819 n. 4 (2d Cir.1975); *State Department of Transportation v. Rejrat*, 540 So.2d 911 (Fla.App.1989); *Commonwealth v. Solis*, 407 Mass. 398, 553 N.E.2d 938, 941–942 (1990); *Commonwealth v. Fidler*, 377 Mass. 192, 385 N.E.2d 513, 519–520 (1979).

The defendant-appellee takes the position that the local rule violates Rule 8 and refers to cases which support this position. *See Elisovsky v. State*, 592 P.2d 1221, 1227–1229 (Alas.1979); *State v. Blocker*, 211 Kan. 185, 505 P.2d 1099, 1109 (1973). He further contends that the local rule is an impermissible restraint on free speech protected by Art. I, § 19 of the Constitution of Tennessee and the First Amendment to the United States Constitution.

The requirement of the local rule that "all interviews" with jurors by lawyers or litigants "are prohibited except with the permission of the trial court" directly conflicts with the provision of Rule 8 that "communication by a lawyer with jurors is permitted." This conflict is not avoided by the provision "when an extra judicial communication by a lawyer with a juror is permitted by law" found in the last sentence of EC 7–29.

EC 7–29 and DR 7–108(D) of Rule 8 express the view that after trial it is not improper for a lawyer to communicate with jurors so long as the limitations of Rule 8 are observed. *See Elisovsky v. State*, 592 P.2d at 1228–1229. Any further limitation on this right to interview former jurors must be accomplished by amendment to the Rule. As this Court stated in *Barger v. Brock*, 535 S.W.2d 337, 342 (Tenn.1976), quoting from *Soft Water Utilities, Inc. v. LeFevre*, 159 Ind.App. 529, 293 N.E.2d 788, 790 (1973),

"The rules of the Supreme Court are binding on the courts as well as on litigants. No court except the Supreme Court can alter, amend or change the rules. No inferior court may circumvent the rules and thereby avoid them."

Rule 8 allows litigants and their counsel to make reasonable investigations to determine if a verdict is subject to legal challenge. The extent of the investigation is implicitly limited by the purposes stated in the Rule sanctioning post-trial communications between counsel and former jurors. Rule 606(b) of the Tennessee Rules of Evidence, a restatement of the rule adopted by this Court in *State v. Blackwell*, 664 S.W.2d 686 (Tenn.1984), lists those factors that invalidate a verdict: extraneous prejudicial information, improper outside influence, and an agreement to be bound by a quotient or gambling verdict. Rule 8 therefore allows post-trial interviews by counsel with jurors on these matters without the prior approval of the trial court. The Rule also protects jurors from intimidation, harassment, and improper embarrassment. It permits jurors to submit voluntarily to interrogation and protects their right to criticize the judicial system, generally or in the context of their service as jurors, and express their views to counsel, litigants, the press, and the public generally. *See United States v. Ianniello*, 740

F.Supp. 171 (S.D.N.Y.1990), quoting *United States v. Brasco,* 516 F.2d 816, 819 n. 4 (2d Cir.1975).

The local rule contravenes Rule 8 in several ways. Its terms would prohibit any communication between litigants, their counsel and agents and former jurors, even that initiated by jurors, without the prior permission of the court. The local rule does not undertake to direct the lawyer in "ascertain[ing] if the verdict might be subject to legal challenge" or establish procedures designed to protect former jurors from intimidation, harassment, and embarrassment. The rule, as stated, provides no standard to be applied by the court in determining permissible inquiry except as the court may deem "appropriate."

Our decision does not conflict with that in *State v. Harris,* 637 S.W.2d 896, 899 (Tenn.Crim.App.1982), relied upon by the State. There defense counsel apparently assumed, though perhaps mistakenly, that under the circumstances of that case permission of the court to contact the former jurors was necessary. The court in *Harris* held the trial court's refusal to allow the defendant to interview the jurors after they were discharged regarding matters which would not have vitiated the verdict was not reversible error. The court did not consider the issue presented in this case: whether permission of the trial court to communicate with the jurors was necessary.

Motions for permission to interview former jurors, though not required in every case, are not inappropriate. Counsel, in the abundance of caution, may seek the court's permission before initiating an inquiry. This procedure should be encouraged in cases in which the contemplated inquiry reasonably could be considered to go beyond that approved by the provisions of Rule 8.

Since construction of Rule 8 and the local rule resolves the issue presented in this case, review of the policy considerations advanced by the State or the constitutional issues asserted by the appellee is not necessary.

The judgment of the Court of Criminal Appeals is affirmed. Costs will be borne by the appellant.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.