FILED

04/06/2020

Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 11, 2020 Session


## IN RE: CUMBERLAND BAIL BONDING


**Appeal by Permission from the Court of Criminal Appeals
Circuit Court for Van Buren County
No. 88CC1-2008-CV-1383          Larry B. Stanley, Jr., Judge**

_____

### No. M2017-02172-SC-R11-CD

_____

We granted this appeal to determine whether a trial court may suspend a bonding company for violating a local rule of court requiring an agent of the bonding company to be present at court appearances of defendants for whom the bonding company serves as surety. We conclude that the local rule does not conflict with state statutes and is not arbitrary, capricious, or unreasonable, and that the trial court did not err by suspending the bonding company for violating the local rule. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the judgment of the trial court is reinstated.


**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal
Appeals Reversed and Trial Court's Judgment Reinstated**


CORNELIA A. CLARK, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J., and SHARON G. LEE, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Zachary T. Hinkle, Deputy Attorney General; and Lisa Zavogiannis, District Attorney General, for the appellant, State of Tennessee.

William A. Lockhart, Manchester, Tennessee, for the appellee, Cumberland Bail Bonding.

**OPINION**

## I. Factual and Procedural Background

The facts of this appeal are straightforward and undisputed. Cumberland Bail Bonding ("Cumberland") served as surety for two defendants in the 31st Judicial District of Tennessee, which includes Van Buren County. Rule 26.05(B) of the Local Rules of the 31st Judicial District states: "A bonding company shall notify the defendant/principal of each court appearance. An agent of the bonding company shall be present for the defendant's court appearance."[1] The defendants for whom Cumberland served as surety failed to appear on September 25, 2017, before the Circuit Court for Van Buren County. Cumberland also failed to have an agent present at that court appearance as Local Rule 26.05(B) required. As a result, by an order filed on September 26, 2017, the circuit court concluded that Cumberland had violated Local Rule 26.05(B) and suspended Cumberland from "writing any additional bonds" pending a hearing.[2]

Cumberland filed a motion for reinstatement,[3] and the circuit court held a hearing on October 11, 2017. By an order filed on October 23, 2017, the circuit court denied Cumberland's motion for reinstatement and ruled that Cumberland "shall remain suspended in Van Buren County."[4]

---

[1] As of November 1, 2018, this text now appears in Rule 27.05(B) of the Local Rules of the 31st Judicial District.

[2] Another local rule of the 31st Judicial District—Local Rule 26.08(B)(3)—authorized the circuit court to "take appropriate disciplinary action" including suspension for a bonding agent's "fail[ure] to comply with any local rules." This text now appears in Local Rule 27.08(B)(3).

[3] Cumberland's motion for reinstatement is not in the record on appeal, nor does the record contain a transcript of the hearing on the motion. The record does contain, however, the circuit court's orders, and these orders recite the facts necessary to resolve the issues on appeal.

[4] Counsel for Cumberland stated during oral argument in response to questioning from this Court that Cumberland was reinstated in March 2018, although the reinstatement order is not in the record on appeal. We agree with counsel for the parties that Cumberland's reinstatement does not moot this appeal because the issue presented falls within an exception to the mootness doctrine—capable of repetition but evading review. State v. Rodgers, 235 S.W.3d 92, 97 (Tenn. 2007) (citation omitted) ("A court may review the merits of an appeal . . . when the appeal involves issues capable of repetition yet evading review."). We also note that Cumberland's initial 2008 "Petition for Approval of Bonding Company to Write Bonds" pertained to the 31st Judicial District, which includes both Warren and Van Buren Counties. The record on appeal does not include the order granting Cumberland's petition, and neither party to this appeal has raised any issue regarding Cumberland's ability to write bonds in Warren County.

Cumberland appealed the trial court's decision to the Court of Criminal Appeals. Cumberland conceded that it violated Local Rule 26.05(B), but it asserted that the local rule is inconsistent with Tennessee statutes and is arbitrary and capricious. In re Cumberland Bail Bonding, No. M2017-02172-CCA-R3-CD, 2019 WL 1076887, at *1 (Tenn. Crim. App. Mar. 7, 2019), perm. app. granted (Tenn. Aug. 16, 2019). The Court of Criminal Appeals acknowledged that trial courts have "inherent power" and "wide discretion" to regulate bonding companies and bail bondsmen and stated that a trial court's regulation of a bail bonding company should not be overturned "absent a showing that [the regulation is] arbitrary, capricious, or illegal." Id. at *2 (citations omitted) (internal quotation marks omitted). The Court of Criminal Appeals upheld the first part of Local Rule 26.05(B) requiring a bonding company to give notice to a defendant of an upcoming court appearance, describing it as "sound," but the intermediate appellate court ruled that the second part of Rule 26.05(B)—the part requiring an agent of the bonding company to attend all court appearances—is "arbitrary, capricious, and illegal." Id. As the basis for this conclusion, the intermediate appellate court described the agent attendance requirement as "redundant," commenting that it is "not apparent why the bonding company's presence [at the court appearance] should also be required" since it "would have presumably notified the defendant" of the court appearance. Id.

The State then applied to this Court for permission to appeal pursuant to Tennessee Rule of Appellate Procedure 11. We granted the State's application.

## II. Standard of Review

Cumberland concedes that it violated Local Rule 26.05(B) and argues only that the local rule is invalid and unenforceable because it is inconsistent with statutes and is arbitrary and capricious. These arguments present questions of law which we review de novo. See State v. Dycus, 456 S.W.3d 918, 924 (Tenn. 2015) (citations omitted) (stating that de novo review applies to issues of statutory interpretation); Thomas v. Oldfield, 279 S.W.3d 259, 261 (Tenn. 2009) (citation omitted) (stating that interpretation of the Tennessee Rules of Civil Procedure is a question of law to which de novo review applies).

## III. Analysis

Tennessee Supreme Court Rule 18 requires trial courts to adopt written uniform local rules of procedure addressing certain subjects and additionally provides that "[e]ach judicial district may also adopt other uniform rules not inconsistent with the statutory law, the Rules of the Supreme Court, the Rules of Appellate Procedure, the Rules of Civil Procedure, the Rules of Criminal Procedure, the Rules of Juvenile Procedure, and the Rules of Evidence." Tenn. Sup. Ct. R. 18(a); see also Tenn. Code Ann. § 16-3-407 (2009) (stating that trial courts in Tennessee are authorized "[to] adopt additional or

supplementary rules of practice and procedure not inconsistent with or in conflict with the rules prescribed by the supreme court"). "[A]ny local rule that is inconsistent with a statute or a procedural rule promulgated by the Supreme Court shall be invalid." Tenn. Sup. Ct. R. 18(c). See, e.g., Glisson v. Mohon Int'l, Inc./Campbell Ray, 185 S.W.3d 348, 354–55 (Tenn. 2006) (holding a local rule invalid because it was contrary to a Tennessee Rule of Civil Procedure); State v. Thomas, 813 S.W.2d 395, 397 (Tenn. 1991) (holding a local rule unenforceable because it contravened Tennessee Supreme Court Rule 8). Our first task then is to determine whether Local Rule 26.05(B) contravenes a statute, as Cumberland argues.

Tennessee Code Annotated section 40-11-125 provides:

(a) In addition to the requirements of part 3 of this chapter regulating professional bondsmen, approval of a professional bondsman or other surety may be withheld, withdrawn or suspended by any court if, after investigation, it appears that a bondsman:

(1) Has been guilty of violating any of the laws of this state relating to bail bonds;

(2) Has a final judgment of forfeiture entered against the bondsman which remains unsatisfied;

(3) Is guilty of professional misconduct as described in § 40-11-126; or

(4) If applying for approval as a professional bondsman, has been convicted in any state of the United States of two (2) or more misdemeanors which are equivalent to Tennessee Class A or Class B misdemeanors; provided, however, that the misdemeanor convictions shall have occurred within five (5) years of the date the application for approval is filed.

(b) Any court withholding, withdrawing or suspending a bondsman or other surety under this section shall notify the bondsman in writing of the action taken, accompanied by a copy of the charges resulting in the court's action. If, within twenty (20) days after notice, the bail bondsman or surety files a written answer denying the charges or setting forth extenuating circumstances, the court shall call a hearing within a reasonable time for the purpose of taking testimony and evidence on any issues of fact made by the charges and answer. The court shall give notice to the bail bondsman, or to the insurer represented by the bondsman, of the time and

place of the hearing.  The parties shall have the right to produce witnesses, and to appear personally with or without representation by counsel.  If, upon a hearing, the court determines that the bail bondsman is guilty as alleged in the charges, the court shall thereupon withhold, withdraw or suspend the bondsman from the approved list, or suspend the bondsman for a definite period of time to be fixed in the order of suspension.

(c) The clerk of the court and the sheriff of the county shall be notified of the action of the court and the offending bondsman stricken from the approved list.

(d) Any applicant for approval whose application has been denied, withheld, suspended or revoked shall have the right of appeal to the next highest court having criminal jurisdiction, and the appeal shall be heard de novo.

Tenn. Code Ann. § 40-11-125 (2018).  Cumberland argues that Local Rule 26.05(B) is inconsistent with this statute because it adds a basis for suspension—failure to attend all court appearances—that this statute does not include.  Cumberland says the statutory grounds for suspension expressed in section 40-11-125(a) are exclusive.  As a result, Cumberland asserts that trial courts lack inherent authority to promulgate local rules, like Local Rule 26.05(B), that provide other grounds for suspension of bondsmen.  The State replies that section 40-11-125(a) is not exclusive but is rather supplementary to the inherent authority of trial courts to regulate bonding companies by adopting local rules, such as Local Rule 26.05(B).  We agree with the State.

First, Local Rule 26.05(B) does not conflict with any statute.  No statute requires or dispenses with a bondsman's presence at court appearances.  The subject simply is not addressed in a statute.

Second, Tennessee Code Annotated section 40-11-125 does not establish exclusive grounds for suspension of bondsmen.  This statute was enacted as part of the Release from Custody and Bail Reform Act of 1978 ("the 1978 Act").  See Act of February 15, 1978, ch. 506, § 38, 1978 Tenn. Pub. Acts 18.  Section 40-11-125 has been amended once since its enactment and that amendment has no relevance to the issue in this appeal.  See Act of April 16, 2013, ch. 169, § 1, 2013 Tenn. Pub. Acts 407.  In another portion of the 1978 Act, the General Assembly has declared its intent that Tennessee Code Annotated sections 40-11-101 to 40-11-144 "*shall be supplemental to the laws providing for and regulating professional bail bondsmen,* who may continue to secure the bail bonds provided in §§ 40-11-101 — 40-11-144, but only as provided in § 40-11-122, *and consistently with all other laws and regulations pertaining to those laws.*" Tenn. Code Ann. § 40-11-103(a) (2018) (emphasis added).  This declared intent has

remained unchanged since the statute's enactment in 1978. Thus, based on the General Assembly's expressed declaration of intent, we conclude that section 40-11-125 is supplemental to other laws providing for and regulating professional bail bondsmen and does not establish exclusive grounds for suspension.[5]  We therefore reject Cumberland's argument that Local Rule 26.05(B) is invalid because it conflicts with section 40-11-125.

It follows, therefore, that we also reject Cumberland's related argument that section 40-11-125 divests trial courts of inherent authority to regulate bonding companies.  To the contrary, we read the General Assembly's declaration that section 40-11-125 is supplemental to existing laws and regulations pertaining to bail bondsman as embracing this Court's decision in Taylor v. Waddey, 334 S.W.2d 733 (Tenn. 1960), which held that trial courts have "inherent power" to adopt "reasonable regulations" governing bondsmen who appear before them, id. at 736, and that this inherent power exists "beyond and regardless of any statute on the question," id. at 737.  In Taylor, the judges of the Davidson County General Sessions Court suspended a bondsman and his company from writing bonds in Davidson County.  Id. at 734.  When the appeal arrived in this Court, the record did not include any information about the bondsman's misconduct.  Id. at 734–35.  It showed only that the circuit court had overturned the suspension because the bondsman had complied with all relevant statutes.  Id.

This Court reversed the circuit court's decision and held that courts have inherent authority to regulate bondsmen appearing before them and may suspend bondsmen for violating local rules even if bondsmen have complied with statutory requirements.  Id. at 736.  The Taylor Court stated that, in exercising their inherent authority, trial courts may adopt "reasonable regulations" and "requirements" governing bondsmen.  Id.  "So long as these regulations . . . are not capricious, arbitrary or solely without basis of right, then these acts may be properly supervised by the court in its ministerial capacity as here."  Id.  Although the Taylor decision preceded the 1978 Act, the Court reasoned that, by enacting statutes relating to bondsmen, the General Assembly had not "attempt[ed] to take away the inherent right of the court[s] to properly administer [their] affairs" nor had it intended "to interfere with the courts and tell them what their inherent powers are and are not." Id.; cf. In re Indem. Ins. Co. of N. Am., 594 S.W.2d 705, 707–08 (Tenn. 1980) (holding that courts could inquire into the solvency of an insurance company acting as bondsman that was in good standing with the Commissioner of Insurance and that had complied with relevant statutes).  Rather, said the Taylor Court, statutes merely address what a bondsman must do "in such and such an instance" and do not, "by any stretch of the

---

[5] On the other hand, unlike section 40-11-125, statutes do provide the exclusive method of enforcing the forfeiture of bail bonds.  See In re Rader Bonding Co., 592 S.W.3d 852, 859–60 (Tenn. 2019) (discussing the statutes that apply to the forfeiture of bail bonds).

imagination[,] attempt to cover the whole field of what is necessary for a bondsman before he is allowed to make bonds in various courts." Taylor, 334 S.W.2d at 736.

We agree and hold that, rather than abrogating the Taylor holding as Cumberland contends, the General Assembly embraced it by expressly declaring from 1978 to the present that Sections 40-11-101 through 40-11-144 are supplemental to existing law. Indeed, this Court has often recited the rule that the General Assembly is presumed to know the "state of the law" when enacting legislation, including "the manner in which the courts have construed the statutes it has enacted." Lee Med., Inc. v. Beecher, 312 S.W.3d 515, 527 (Tenn. 2010) (citations omitted); see also Carter v. Bell, 279 S.W.3d 560, 564 (Tenn. 2009) ("We must presume that the General Assembly is aware of prior . . . decisions of the courts when enacting legislation." (citing Ki v. State, 78 S.W.3d 876, 879 (Tenn. 2002)). Had the General Assembly intended to abrogate Taylor and remove the inherent authority of trial courts to regulate bondsmen, the General Assembly easily could have declared section 40-11-125 to be exclusive rather than supplementary to existing law. See Cooper v. Logistics Insight Corp., 395 S.W.3d 632, 639 (Tenn. 2013) ("[W]e have long adhered to the rule that when a prior decision has addressed the construction and operation of a statute, the principle of stare decisis will apply unless the General Assembly acts to change the statute." (citation omitted)); Heirs of Ellis v. Estate of Ellis, 71 S.W.3d 705, 712 (Tenn. 2002) ("Without some clear indication to the contrary, we simply will not presume that the [L]egislature intended to change the common law by implication." (citation omitted)). Not only did the General Assembly declare that section 40-11-125 is supplementary to existing law, it also implicitly recognized that trial courts have inherent authority to regulate bondsmen by conferring upon courts of record the responsibility of preparing a list of professional bondsmen who are "approved and qualified as solvent." Tenn. Code Ann. § 40-11-124(a) (2018); see also id. § 40-11-405 ("Nothing in [part 4 of chapter 11, which was adopted in 1996,] shall be construed as altering or infringing upon the right of the trial judge to approve bondsmen who are licensed under this part. An appeal from a trial judge's *failure to approve a licensed bondsman* shall be taken as provided by law." (emphasis added)).

We therefore conclude that Rule 26.05(B) does not conflict with section 40-11-125 or any statute and that section 40-11-125 is supplemental to other laws and did not abrogate Taylor, which recognized the inherent authority of trial courts to regulate bondsmen.

Our next and final task, therefore, is to determine whether Rule 26.05(B) is, in the words of Taylor, a "reasonable regulation" or "capricious, arbitrary or solely without basis of right." 334 S.W.2d at 736. If it is the former, then Cumberland's suspension

- 7 -

must stand, as Cumberland has conceded that it violated Local Rule 26.05(B).[6]  If it is the latter, then Rule 26.05(B) and Cumberland's suspension for violating it are invalid.  We agree with the State that Cumberland has failed to show that Local Rule 26.05(B) is arbitrary, capricious, or unreasonable.

As we have noted in the administrative law context, "[t]he 'arbitrary or capricious' standard is a limited scope of review[.]"  StarLink Logistics Inc. v. ACC, LLC, 494 S.W.3d 659, 669–70 (Tenn. 2016).  "In its broadest sense, the arbitrary and capricious standard requires the reviewing court to determine whether there has been a clear error in judgment."  Hughes v. New Life Dev. Corp., 387 S.W.3d 453, 479 (Tenn. 2012) (citing Jackson Mobilphone Co. v. Tenn. Pub. Serv. Comm'n, 876 S.W.2d 106, 110–11 (Tenn. Ct. App. 1993)).  We have described the "illegal, arbitrary and capricious" standard as synonymous with the rational basis test that courts apply when reviewing legislative functions of administrative bodies.  McCallen v. City of Memphis, 786 S.W.2d 633, 641 (Tenn. 1990).  We also have declared that under the rational basis test, legislative action should be deemed valid "'if any possible reason can be conceived to justify it.'"  Fallin v. Knox Cnty. Bd. of Comm'rs, 656 S.W.2d 338, 342 (Tenn. 1983) (quoting State ex rel. SCA Chem. Waste Servs., Inc. v. Konigsberg, 636 S.W.2d 430, 437 (Tenn. 1982)).  More recently, we have stated that when "'there is room for two opinions, a decision is not arbitrary or capricious if it is made honestly and upon due consideration, even though [a reviewing court] think[s] a different conclusion might have been reached.'"  StarLink Logistics Inc., 494 S.W.3d at 670 (alterations in original) (quoting Bowers v. Pollution Control Hearings Bd., 13 P.3d 1076, 1083 (Wash. Ct. App. 2000)).

Applying these principles, we conclude that Local Rule 26.05(B) is not arbitrary, capricious, or unreasonable and that it easily survives rational basis scrutiny.  As the State points out, this local rule serves several conceivable purposes.  For example, having an agent of the bonding company present ensures that the trial court and the prosecution receive all relevant information the bonding company has about a defendant who fails to appear.  If a bonding agent provides the trial court and the prosecution with a "reasonable excuse" for the defendant's failure to appear, then a meritless prosecution for failure to appear can be avoided, as having a "reasonable excuse" for failing to appear "at the specified time and place" is a defense to prosecution for failure to appear.  Tenn. Code Ann. § 39-16-609(b)(2) (Supp. 2019).  Similarly, having the bonding agent present and available to provide information about the defendant may conceivably conserve judicial

---

[6] Cumberland has not raised in this appeal any challenge to the manner in which the trial court applied Local Rule 26.05(B) or to the trial court's failure to specify the duration of Cumberland's suspension in its orders.  Cf. Tenn. Code Ann. § 40-11-125(b) (stating that when a court suspends a bondsman under section 40-11-125(a) the suspension shall be "for a definite period of time to be fixed in the order of suspension").  As previously noted, Cumberland was reinstated in March 2018.

- 8 -

resources, as a trial court need not enter a conditional judgment of forfeiture "where a statement of a licensed physician is furnished to the court showing that" a defendant is prevented from attending court "by some mental or physical disability, or where evidence of the defendant's incarceration is furnished to the court." Tenn. Code Ann. § 40-11-201(b) (2018).[7]

That a bonding agent will not always have information about why a defendant has failed to appear does not, as Cumberland suggests, render Local Rule 26.05(B) arbitrary or capricious. First, having a bonding agent present to advise the trial court that the bonding company lacks information about the defendant's whereabouts also conceivably serves to facilitate charging decisions and to conserve judicial resources. Moreover, under the deferential standard that guides our review, Cumberland must establish that no rational basis supports Local Rule 26.05(B), and therefore, it should be deemed arbitrary, capricious, and unreasonable. See McCallen, 786 S.W.2d at 641 ("[A] heavy burden of proof rests upon the shoulders of the party who challenges the action."). Where, as here, a local rule serves multiple conceivable rational purposes, it will not be deemed arbitrary, capricious, or unreasonable simply because it may not serve all these purposes perfectly one hundred percent of the time. Were one hundred percent effectiveness the test, no court rule would survive.

---

[7] We note that similar local rules have been adopted by at least three other Tennessee judicial districts. For example, in the 15th and 20th Judicial Districts, a bondsman must provide a representative to appear "as requested" and "be readily available as needed by a court whenever a defendant fails to appear at the call of the docket." 15th Jud. Dist. R., App'x 7, R. of Practice for Bail Bonds 6(B); 20th Jud. Dist. R. of Practice for Bail Bonds 6(E). Likewise, the 19th Judicial District requires a "professional bail bonding company representative [to] be in the court building and [to] be readily available as needed by a court whenever a defendant fails to appear at the call of the docket." 19th Jud. Dist. Bail Bonding R. 7(c).

## IV. Conclusion

For the reasons stated herein, we conclude that Local Rule 26.05(B) is valid and enforceable. Therefore, we reverse the judgment of the Court of Criminal Appeals and reinstate the judgment of the trial court. Costs of this appeal are taxed to Cumberland Bonding Company, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, JUSTICE